IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES CARREON,

        Plaintiff,

v.

JACKSON COUNTY and DEBBIE MINDER,

        Defendants.

Civil No. 01-3073-TC

ORDER

COFFIN, Magistrate Judge.

## BACKGROUND

Plaintiff filed a complaint in this court on August 13, 2001, asserting six claims for injunctive and declaratory relief and a single claim for damages under 42 U.S.C. § 1983, all related to the defendants' alleged persecution of him as an owner of real property in Jackson County. A motion for a

1 - ORDER

temporary restraining order was denied on August 16, 2001, and the court ordered the parties to file supplemental briefing on the "<u>Rooker-Feldman</u>" doctrine prior to ruling on plaintiff's motion for a preliminary injunction. After defendants tendered their briefing, but before the court took the motion under advisement, plaintiff withdrew his motion. <u>See</u> Order of 8/27/01. Shortly thereafter, defendants filed a motion to dismiss (#13). Plaintiff failed to respond to defendants' motion in the time provided by L.R. 7.1(f), and this court issued an order requiring plaintiff to respond or face summary dismissal. Plaintiff quickly filed a "Notice of Non-Opposition" (#16) in which he stated that he did not oppose defendants' motion to dismiss as to claims one, two, three and five, and - as best as the court can tell - agreed to dismissal of the remaining claims (four, six and seven) as well, requesting that the dismissal of those claims be without prejudice. Plaintiff then asked that the court order that each party bear its own costs.

Defendants filed a reply to plaintiff's "Notice" in which they argued that the court should dismiss with prejudice, on the bases that: (1) plaintiff did not adequately or timely respond to their motion, and he has consented to dismissal; (2) plaintiff has failed to meet the procedural requirements for voluntary dismissal under Fed. R. Civ. P. 41(a)(1); and (3) the

2 - ORDER

issues involved in deciding the matter in the future, should the court dismiss without prejudice, would be identical to those before the court now, so no reason exists to delay ruling on the issue. Defendants also noted that they intend to seek attorney fees and costs from plaintiff.

Because plaintiff does not oppose defendants' motion to dismiss claims one, two, three, and five, defendants' motion is granted with respect to those claims, and those claims are dismissed with prejudice. The issues presently before the court are: (1) whether plaintiff's claims four, six and seven will be dismissed with or without prejudice; and (2) whether or not the parties should be allowed to seek fees and costs.

## DISCUSSION

**A.  Claims Four and Six**

Plaintiff's claims four and six are purely injunctive in nature, seeking "an order enjoining further retaliatory conduct aimed at silencing plaintiff's protected speech" (claim four) and "a preliminary injunction against selective prosecution of plaintiff pertaining to alleged regulatory non-compliance with respect to real property" (claim six). The problem that arises is that defendant Minder is an attorney for Jackson County, and future actions against plaintiff by her or the County in their prosecutorial and executive capacities cannot - and need not - be hindered prospectively. To "order" a prosecutor or

3 - ORDER

municipality to follow the existing mandates to avoid engaging in unlawful prosecution or illegal retaliatory conduct would be similar to the court "ordering" a person not to violate the speed limit or not to engage in other activities already prohibited by civil or criminal codes; i.e., such an order is inherently unnecessary.  If a plaintiff - such as Mr. Carreon - believes that a prosecutor or municipality is treating or has treated him unlawfully, his remedy is to seek damages for such treatment, as Mr. Carreon has done here in his seventh claim for relief.  Further, as plaintiff's remedy at law is sufficient to assuage any injury he might suffer, injunctive relief is inappropriate regardless of defendants' status.  See, e.g., Stanley v. University of Southern California, 13 F.3d 1313 (9th Cir. 1994).  As such, plaintiff's fourth and sixth claims for relief are denied with prejudice.

**B.   Claim Seven**

In his seventh claim, plaintiff seeks economic, non-economic and punitive damages under § 1983.  In support of his claim, plaintiff alleges that:

> [D]efendants have violated the following Constitutional rights of plaintiff by the following acts: the threatened imposition of an excessive fine in violation of the Eighth Amendment; the threatened taking of real property without just compensation in violation of the Fifth Amendment; the threatened forfeiture of plaintiff's house via a proceeding violative of due process; retaliatory enforcement activity intended to quell speech protected under the First Amendment; past and threatened invasions of the

4 - ORDER

>    right to privacy in violation of the Fourth Amendment;
>    and, selective prosecution motivated by retaliatory
>    intent and/or a religious animous.

(Complaint (#1) at 15-16). Defendants have moved for dismissal on the grounds that plaintiff has failed to state a claim, because (a) defendant Minder is entitled to absolute immunity; and (b) no basis exists for imputing liability to defendant Jackson County. Plaintiff, rather than responding to the merits of these assertions, responded:

>    Because of the initial orientation of the case as an
>    action primarily for injunctive relief, the complaint
>    as a whole requires substantial revision . . .
>    However, inasmuch as the acts complained of are
>    continuing, the act of amending would likely provide
>    only a partial cure, as continuing acts of injury and
>    damage would simply have to be alleged in a
>    supplemental complaint . . . Finally, some of the
>    damages plaintiff may well suffer in the future have
>    not yet fully ripened, and thus the most efficient way
>    to deal with the state of the pleadings will be to
>    allow a dismissal without prejudice, permitting the
>    parties an opportunity to resolve matters outside of
>    the court system, or to return once the issues are
>    fully settled for adjudication.

(#16 at 2). Defendants contest plaintiff's allegation that damages are ongoing, and noted that "[i]n any event, defendants would raise the same legal issues against any future similar claim for damages; there is no reason for the court not to rule now on the merits of defendants' motion against that Seventh Claim." (#17 at 2).

The court understands defendants' position: they have invested time and resources in preparing a defense to

5 - ORDER

plaintiff's claims, and given that the legal issues - insofar as defendants' motion to dismiss is concerned - are almost certainly identical to those that would be raised in a future proceeding, defendants believe that the court has before it all the necessary information to make a ruling.  However, the court notes that if the legal bases for a future filing will be identical, the wizardry of word processing and modern data storage should make defendants' task of refiling their motion in a subsequent proceeding quite easy.  Given that any prejudice to defendants will be minimal, the court believes that plaintiff should be allowed the opportunity for a voluntary dismissal, without prejudice, of his seventh claim pursuant to Fed. R. Civ. P. 41(a)(2).[1]

**C.   Fees and Costs**

Plaintiff has requested that the court rule now that each

---

[1]The court notes that because defendants have not filed an answer or a motion for summary judgment, plaintiff could file a notice of dismissal and obtain an automatic dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). However, he did not technically do so, filing instead his "Notice of Non-Opposition" in which he asks for a dismissal without prejudice. While the scholars could argue about whether his "Notice" should suffice as the requisite "notice of dismissal" for purposes of a Rule 41(a)(1) automatic voluntary dismissal, should suffice to meet the "dismiss[al] at the plaintiff's instance" language of Rule 41(a)(2) governing voluntary dismissal by order of the court, or should suffice for neither, the court believes that plaintiff has given at least sufficient notice to warrant voluntary dismissal by court order.  Indeed, defendants clearly understood his "Notice" to suggest he was seeking Rule 41(a) dismissal (see Response (#17)).  As such, the court does not believe defendants will suffer undue injury even if an argument could be made that plaintiff has not formally noticed a request for dismissal.

6 - ORDER

party bear its own fees and costs; defendants have stated that they intend to seek both attorney fees and costs for defending this action. The court sees no basis for granting plaintiff's request at this juncture; rather, if either party feels that it is entitled to fees or costs, they are free to file requests for such and the court will consider them with proper briefing.

## **CONCLUSION**

Plaintiff's claims one through six are dismissed with prejudice. Plaintiff's claim seven is dismissed without prejudice to refile, at his option, within the statute of limitations for such actions. Should either party wish to seek fees or costs, they may file the appropriate motions.

DATED this ___ day of November, 2001.

_____
Thomas M. Coffin
United States Magistrate Judge

7 - ORDER